BOOTH, Judge.
This cause is before us on appeal from the order of the Circuit Court, Volusia County, denying petition for revocation of probate of will. The order sought to be reviewed finds that the decedent, Joseph E. Causey, was competent and of sound mind at the time the will was executed; that the will was not procured through undue influence and states:
“The Court is doubtful that a confidential relationship existed between the Respondents and JOSEPH E. CAUSEY prior to April 13, 1976, the date the Will of JOSEPH E. CAUSEY was executed. However, if said confidential relationship did exist between JOSEPH E. CAUSEY and the Respondents prior to April 13, 1976 and if any presumption of undue influence arose as a result of said confidential relationship, the Respondents presented a reasonable explanation for their roles in the affairs of JOSEPH E. CAUSEY, pri- or to the execution of his Will, and prior to his death, and specifically in the preparation of the Will of JOSEPH E. CAU-SEY.”
We have reviewed the record in the case and after consideration of the briefs and arguments of counsel, hold that the findings and conclusions of the trial court are supported by the evidence and the court has not misapprehended the legal effect of the proof.
The deceased was some 83 years of age at the time he executed his will. He suffered some of the infirmities that usually accompany advancing age, but his will was his own action, ah action which comported entirely with his previous statements concerning his affection for, and appreciation of the friendship of, “the boys” as he referred to the appellees herein. Under the circumstances he was clearly entitled to leave his property to appellees, rather than to his distant relatives.
In Marston v. Churchill, 137 Fla. 154, 187 So. 762 (1939), the Supreme Court held that kindness or solicitude on the part of the beneficiary would not be equated with undue influence, and affirmed the validity of the will leaving the bulk of the estate to one who had befriended the testatrix in her declining years, stating:
“The right of designating legatees is highly valuable, particularly to the aged, and should not be considered lightly. It was but natural for testatrix to have favored one who contributed to her hap *472 piness and comfort in her declining years over the children of a half sister who had shown her scant attention . . ”
Accordingly, the judgment below is AFFIRMED.
MILLS, Acting C. J., and ERVIN, J., concur.